IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Case No.:<br>)<br>) COMPLAINT |
| v. | )<br>) JURY TRIAL |
| LAGO MAR PROPERTIES, INC. (D/B/A LAGO MAR BEACH RESORT & CLUB) | ) DEMAND<br>)<br>) |

## NATURE OF THE ACTION

This is an action under the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg-2000gg-6, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a). Plaintiff, the U.S. Equal Employment Opportunity Commission, alleges that Defendant Lago Mar Properties, d/b/a "Lago Mar Beach Resort and Club", discriminated against Charging Party Ms. Wilda Jean Louis ("Ms. Jean Louis" or "Charging Party") by failing to reasonably accommodate her in violation of the PWFA and ADA, which resulted in her termination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), and Section 104(a) of the PWFA, 42 U.S.C. §2000gg-2(a), which incorporate by reference Section 706(f)(1) of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. Venue is proper because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the PWFA and ADA, and is expressly authorized to bring this action by Section 104(a) of the PWFA, 42 U.S.C. §2000gg-2(a), and Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporate by reference Section 706(f)(1) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4. The Defendant Lago Mar Properties, Inc, d/b/a "Lago Mar Beach Resort and Club" ("Lago Mar" or "Defendant"), a Florida corporation, owns and operates a hotel and beach resort in Fort Lauderdale, Florida called "Lago Mar Beach Resort and Club."

5. At all relevant times, Lago Mar has continuously been doing business in the State of Florida and the City of Fort Lauderdale and has continuously had at least 15 employees.

6. At all relevant times, Lago Mar has been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

7. At all relevant times, Lago Mar has been a covered entity under Section 102(2) of the PWFA, 42 U.S.C. § 2000gg(2), and Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Ms. Jean Louis filed a charge with the Commission against Lago Mar alleging discrimination in violation of the PWFA and ADA.

9. The Commission sent Lago Mar notice of Ms. Jean Louis's discrimination charge.

10. On March 18, 2024, the Commission issued to Lago Mar a Letter of Determination finding reasonable cause to believe that it discriminated against Ms. Jean Louis in violation of the PWFA and ADA and inviting Lago Mar to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. On May 1, 2024, the Commission issued to Lago Mar a Notice of Failure of Conciliation advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13. Lago Mar is an oceanfront resort located in Fort Lauderdale, Florida.

14. In July 2023, Ms. Jean Louis, who was employed by Lago Mar as a line cook, was in the fifth month of her pregnancy.

15. On Sunday, July 2, 2023 – her day off – Ms. Jean Louis began experiencing complications related to her pregnancy and was admitted to the hospital for evaluation.

16. Later that day, Ms. Jean Louis experienced a stillbirth. The pregnancy loss caused Ms. Jean Louis significant physical and emotional trauma.

17. On July 3, 2023, Ms. Jean Louis sent a text to her immediate supervisor, Lago Mar's resort chef, informing him that she had been admitted to the hospital over the weekend and would provide a doctor's note on when she can safely return to work.

18. On July 4, 2023, Ms. Jean Louis sent an email to Lago Mar's food and beverage manager, who oversees the kitchen, notifying him of her pregnancy loss and that she would follow-up with a doctor's note on when she could return to work.

19. On July 5, 2023, Ms. Jean Louis sent a letter from her doctor confirming the pregnancy loss, and informing Lago Mar that she would need approximately six (6) weeks to recuperate physically and to grieve.

20. During this time, Ms. Jean Louis's major life activities were substantially impaired due to the mental and physical trauma from losing her pregnancy at five months, and she suffered from depression.

21. Ms. Jean Louis was limited in her ability to cook, drive, concentrate, think, care for herself, sit, stand, and provide childcare.

22. On July 6, 2023, Ms. Jean Louis received a letter from Lago Mar's General Manager terminating her employment.

23. Lago Mar did not engage Ms. Jean Louis in any interactive process concerning her request for leave as an accommodation prior to terminating her employment.

24. As a result of Lago Mar's unlawful employment practices, Ms. Jean Louis suffered damages.

## STATEMENT OF CLAIMS

### COUNT I (PWFA)

25. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-24 of this Complaint as fully set forth herein.

26. Ms. Jean Louis suffered from a known limitation which was related to, affected by, or arose out of pregnancy, childbirth or related medical condition (*i.e.* stillbirth).

27. Ms. Jean Louis informed Defendant of her pregnancy-related medical condition and requested, as a reasonable accommodation, a six-week leave of absence.

28. Ms. Jean Louis was a qualified employee under Section 102(6) of the PWFA, 42 U.S.C. § 2000gg(6), because she could perform the essential functions of the job with the accommodation of a six-week leave to recover from stillbirth.

5

29. Defendant has intentionally discriminated against Ms. Jean Louis by failing to accommodate her known limitation, which was related to, affected by, or arose out of her pregnancy-related medical condition, in violation of the PWFA, 42 U.S.C. § 2000gg-1(1), resulting in her termination.

30. The unlawful employment practices complained of in paragraphs 1-24 were intentional and done with malice or with reckless indifference to Ms. Jean Louis's federally protected rights.

## COUNT II (ADA)

31. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-24 of this Complaint as fully set forth herein.

32. Ms. Jean Louis suffered from a pregnancy-related disability that substantially limited her major life activities. Accordingly, Ms. Jean Louis was a qualified individual with a disability under Section 3 and 101(8) of the ADA, 42 U.S.C. §§12102 and 12111(8).

33. Defendant has intentionally discriminated against Ms. Jean Louis in violation of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5), by failing to accommodate her disability and by terminating her employment because of that disability and her need for a reasonable accommodation.

34. The unlawful employment practices complained of in paragraphs 1-24 were intentional and done with malice or with reckless indifference to Ms. Jean Louis's federally protected rights.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of qualified employees;

B. Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of disability by failing or refusing to provide reasonable accommodations to qualified individuals with disabilities;

C. Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of disability by terminating employees because of their disabilities;

D. Order Defendant to make whole Ms. Jean Louis who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including but not limited to, back pay;

E. Order Defendant to make whole Ms. Jean Louis by providing compensation for past and future pecuniary and nonpecuniary losses resulting from

the unlawful practices complained of above, including emotional pain, suffering, mental anguish, and inconvenience in amounts to be determined at trial.

    F.    Order Defendant to pay Ms. Jean Louis punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: September 30, 2024　　　　　　　　Respectfully submitted,

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

KARLA GILBRIDE  
General Counsel  
CHRISTOPHER LAGE  
Deputy General Counsel  
GWENDOLYN YOUNG REAMS  
Associate General Counsel  
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
131 M Street, N.E.  
Washington, DC 20507

KRISTEN M. FOSLID  
Regional Attorney  
Florida Bar No. 0688681

Kristen.Foslid@eeoc.gov
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
T: (786) 648-5835 | F: (305) 808-1835


*/s/ Sabarish Neelakanta*
SABARISH P. NEELAKANTA
Florida Bar No. 26623
Sabarish.Neelakanta@eeoc.gov
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
T: (786) 648-5843 | F: (305) 808-1835

*Counsel for Plaintiff*, EEOC

9