UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-61812-LEIBOWITZ/AUGUSTIN-BIRCH

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    *Plaintiff*,

v.

LAGO MAR PROPERTIES, INC.
d/b/a LAGO MAR BEACH RESORT
& CLUB,

    *Defendant.*

_____/

## ORDER

    Before the Court is the parties' Joint Motion for Approval and Entry of Consent Decree [ECF No. 6], filed on October 1, 2024. Both parties to the lawsuit – Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC"), and Defendant Lago Mar Properties, Inc. ("Defendant") – join the request.

    The EEOC brought this action under the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg-2000gg-6, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1212(a), to correct alleged unlawful employment practices, and to provide appropriate relief to Charging Party Wild Jean Louis ("Ms. Jean Louis"). [ECF No. 6 ¶ 2]. Defendant expressly denies the EEOC's allegations and admits to no wrongdoing or violation of the law. [*Id.* ¶ 3].

    To resolve the litigation, Defendant has agreed to the entry of the Consent Decree to "fully and finally resolve[ ] any and all claims asserted, arising out of, or relating to the Complaint filed in this action … by the EEOC[.]" [ECF No. 6-1 ¶ 8]. The Consent Decree sets out that Defendant is to pay Ms. Jean Louis "monetary relief in the total amount of $92,080.00 in compensatory, non-wage

damages, and $7,920.00 in back pay damages, less applicable taxes … and to settle the claims asserted by [the] EEOC or which arise out of or are related to the Lawsuit or Charge of Discrimination." [*Id.* ¶ 15]. The Consent Decree also provides for injunctive relief. Specifically, the Consent Decree provides Defendant "shall not terminate or harass any employee on the basis of their pregnancy and/or disability", "shall provide reasonable accommodations to applicants' and employees' known limitations related to pregnancy, childbirth, or related medical condition", and "shall not retaliate against any person for requesting a reasonable accommodation under the PWFA or ADA." [*Id.* ¶¶ 22, 23].

The Consent Decree has additional requirements for Defendant. Defendant is to "retain (at its sole expense) a third-party to serve as its EEO Coordinator for the duration of this Consent Decree." [*Id.* ¶ 25a]. "Defendant shall, in consultation with legal counsel and the EEO Coordinator, review and revise its policies prohibiting discrimination based upon sex (Title VII/PDA), disability (ADA), and pregnancy or related medical conditions (PWFA), providing reasonable accommodations, and describing the interactive process to conform to all requirements of the ADA, the PWFA, and this Consent Decree." [*Id.* ¶ 26a]. "Defendant shall provide live or virtual mandatory EEO training for its managerial and non-managerial employees at least twice during the term of the Consent Decree." [*Id.* ¶ 27a]. Defendant shall maintain certain records for the duration of the Consent Decree. [*Id.* ¶ 28]. Defendant shall also "[w]ithin six (6) months of the entry of the Consent Decree, and thereafter every six months through the expiration of the Consent Decree, … provide the EEOC with Reports" as described in the Consent Decree. [*Id.* ¶ 29]. Lastly, "[w]ithin sixty (60) days of the entry of the Consent Decree, Defendant shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as "Exhibit A" to this Consent Decree (the "Notice") at a conspicuous location easily accessible to, and commonly frequented by, its employees … for the entire term of this Consent Decree." [*Id.* ¶ 30].

Prior to entering a consent decree, the court must satisfy itself that the agreement is fair, reasonable, lawful, and not contrary to public policy. *Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240, 1244 (11th Cir. 1997); *see also United States v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998) ("The district court has the responsibility to insure that a consent decree is not unlawful, unreasonable, or inequitable." (internal quotation omitted)). And a court cannot enter a consent decree over the objections of a party whose legal rights would be affected by the decree. *See City of Hialeah*, 140 F.3d at 979; *White v. State of Ala.*, 74 F.3d 1058, 1073 (11th Cir. 1996). The court must consider the proposed consent decree as a whole and it "must stand or fall as a whole." *United States v. DeKalb Cnty., Ga.*, No. 1:10-CV-4039-WSD, 2011 WL 6402203, at *9 (N.D. Ga. Dec. 20, 2011).

The Court finds that the proposed Consent Decree meets these requirements. The Consent Decree resolves the dispute that prompted this litigation (over which this Court has jurisdiction) and it furthers the objectives of the PWFA and the ADA by seeking to ensure Defendant's compliance going forward. This objective also serves the public interest. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the parties Joint Motion for Approval and Entry of Consent Decree [**ECF No. 6**] is **GRANTED**. The Court **ADOPTS** the proposed Consent Decree at ECF No. 6-1 as the order of the Court. The *Clerk of Court* is **DIRECTED** to administratively **CLOSE** this case. The Court will retain jurisdiction to enforce the terms of the Consent Decree for a period of three (3) years from the date of this Order, in accordance with the terms of the parties' Consent Decree.

**DONE AND ORDERED** in the Southern District of Florida on October 10, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record